## PEOPLES' S. BANK v. JOHN ALEXANDER.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 19, 1891—Decided February 16, 1891.

(*a*) The lessee of land, under a lease in writing for more than three years, transferred his estate therein, also by writing. The assignee went into possession, and thereafter the lessor executed a mortgage upon the property. A sheriff's vendee, by a sale on the mortgage, brought suit against the lessee for rent accruing after the sheriff's sale and deed:

1. The jury finding, by sufficient evidence properly submitted, that, after the assignment of the lease and before the sheriff's sale, the lessor received the rent regularly from the assignee, accepted the latter as his tenant, and by parol released the lessee from all future liability, judgment was rightly entered upon a verdict for the defendant.

.Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 46 July Term 1890, Sup. Ct.; court below, No. 288 December Term, 1879, C. P. No. 4.

On January 3, 1880, the Peoples' Savings Bank of Pittsburgh brought covenant (subsequently amended to statutory assumpsit) against John Alexander. Issue.

At a second trial, on February 4, 1890, it was made to ap-

Charge of Court below.

pear, in substance, that by a sealed contract dated April 30, 1874, Henry Brown demised to John Alexander, the defendant, a parcel of ground in the Seventeenth ward, Pittsburgh, for a term of four years, absolutely, and for six years, if no sale of the property should be made, at an annual rental of $1,200, payable quarterly; that the defendant went into possession under the lease, and on May 25, 1875, by written assignment, also under seal, indorsed on the lease, assigned all his right, title and interest thereunder to Willis Booth, who immediately went into possession; that, after the said assignment, as the testimony on the part of the defendant, admitted under objection and exception,[7] tended to show, Brown, the lessor, accepted Booth as his tenant of the premises in the place of the defendant, and released defendant from all further liability for the rent, thereafter, while he owned the property, regularly receiving and receipting for the rent paid by Booth; that on June 29, 1875, Brown, the lessor, executed a mortgage upon the property to the Peoples' S. Bank, the plaintiff, and upon this mortgage, in September, 1877, the property was sold at sheriff's sale to the plaintiff; that, at the time of the said sale, Booth was in possession of the property, and immediately after tendered possession to the plaintiff; and that this action was brought to recover nine quarters' rent, according to the covenants of the original lease, accruing from September 15, 1877, the date of the sheriff's deed for the property to the plaintiff.

At the close of the testimony, the court, WILLSON, J., charged the jury in part as follows:

[It is claimed on the part of the defendant, and Mr. Alexander himself has stated on his behalf, that, at the time when he assigned the lease to Mr. Booth,—the fact of the assignment is not disputed, as I understand it,—at or about that time or in connection with that transaction, the original landlord, Mr. Brown, arranged with him, in some way, that he would take Mr. Booth as tenant and release or discharge Mr. Alexander as tenant; or, that in some way he agreed with Mr. Alexander that Mr. Alexander should no longer be liable for the rent or occupy further the position of tenant towards him under the lease.][5] You have heard what Mr. Alexander has said upon that point.

Charge of Court below.

It is claimed on the part of the plaintiff that Mr. Alexander himself has not distinctly stated that any such arrangement was made; that, taking what he said on his examination-in-chief in connection with what he said on his cross-examination, you are not to regard him as asserting or testifying positively and definitely that any such arrangement was made.

In my judgment, it was necessary, in order to terminate the relation of landlord and tenant between Mr. Brown and Mr. Alexander, not only that there should have been an assignment of the lease by Alexander, and that Mr. Brown should have accepted rent from Mr. Booth, but that Mr. Brown should also have agreed with Mr. Alexander, in some way, that he released him from his obligation, that he discharged him from his relationship of tenant. That should satisfactorily appear to the jury before they could properly find that the defendant was relieved of his obligation in consequence of any such arrangement. . . . .

[You heard what Mr. Alexander said. You heard what he said in chief, in regard to what he said was the arrangement, or conversation, or agreement, or whatever it was, by which he said he was discharged. You heard also what he said in his cross-examination, in answer to the questions put to him by counsel for the plaintiff, when he was asked to state just what occurred and what was said, and, if your memory is the same as mine, I think you will agree with me in the conclusion that, when in cross-examination he was thus asked, he was not able to give clearly or distinctly the details of any arrangement, nor did he mention, as I remember it, that there was any distinct or affirmative promise or undertaking on the part of Mr. Brown, that there should be any discharge of him, Alexander, from his obligation; but, it is for you to say, taking all the testimony, both the examination-in-chief and the cross-examination, what your conclusion is upon that point.] [6]

You are entitled to take for whatever it is worth the fact that rent was received from Booth by Mr. Brown and receipts were given. The mere fact that rents were received and such receipts were given as were put in evidence, does not seem to me to be critical or decisive of the case. They would be entirely consistent with the fact that the original relation between landlord and tenant was not terminated, but that it still

Charge of Court below.

continued. However, in connection with the testimony on that point, you are entitled to take those matters into consideration. . . . .

In a word or two I will recapitulate what I have said on that point, in order that you may not make any mistake as to the point which I am trying to leave to you.

Assuming that the bank has the same right against Mr. Alexander that Mr. Brown would have had, and that Mr. Brown's rights have not been terminated, or would not have been terminated, if he were still the owner of the property and had remained so from the time of the lease until the present time, and assuming also, for this is the law, that in that event the bank would have a right to recover against Mr. Alexander for any rent which accrued under the lease from the time of the acknowledgment of the sheriff's deed until the time when the suit was brought, that suit having been brought before the lease terminated, before the six years terminated,—assuming those things, then the plaintiff would be entitled to recover a verdict in this case, unless you shall be of the opinion that Mr. Brown released Mr. Alexander. [The plaintiff will be entitled to recover a verdict, unless you shall be of the opinion, under the evidence, that there was an arrangement made between Mr. Brown and Mr. Alexander, whereby Mr. Alexander became discharged of his obligation under the lease, and that question you would have to determine according to your construction of the evidence, your belief of the witnesses, and your own mental conclusion as to what that testimony would lead you to.] [3]

[If you should be of the opinion, in view of all the testimony on both sides of the case, that there was such an arrangement made in connection with the assignment of the lease by Mr. Alexander to Mr. Booth, which is undisputed, that Mr. Brown accepted Mr. Booth as the tenant, and released or discharged Mr. Alexander, then your verdict would be for the defendant.] [4] If, on the other hand, you shall be of the opinion or belief, upon the evidence, that there was no such discharge or release of Mr. Alexander, then your verdict would be for the plaintiff, for the amount of rent which would cover the time from the acknowledgment of the sheriff's deed until the time when this suit was brought; of course, fixing that, not by apportionment, but by the times the rent might fall due under the lease.

Arguments.

I am asked by the plaintiff to charge you:

2. There is not sufficient evidence in this cause from which the jury can find an agreement between Henry Brown and John Alexander, that Henry Brown should accept Willis Booth as a tenant in lieu of John Alexander, and release said Alexander from liability under his covenants in the lease.

Answer: I refuse to affirm that point.[1]

The defendant has asked me to charge you:

1. If the jury believe that prior to the mortgage by Brown to the plaintiff, John Alexander assigned all his interest and estate to Booth, and that Henry Brown accepted Booth as his tenant, in the place and stead of Alexander, and agreed to look solely to Booth thereafter for the rent, and released and discharged Alexander from all further liability for rent, the plaintiff cannot recover.

Answer: I affirm that point.[2]

—The jury returned a verdict for the defendant. A rule for a new trial having been discharged, and judgment entered, the plaintiff took this appeal, assigning for error:

1. The answer to the plaintiff's point.[1]
2. The answer to the defendant's point.[2]
3–6. The portions of the charge embraced in [  ] [3 to 6]
7. The admission of plaintiff's offer.[7]

*Mr. M. Hampton Todd*, for the appellant.

That by § 119, act of June 16, 1836, P. L. 783, a purchaser at sheriff's sale becomes the landlord of the tenant with all his rights and remedies, counsel cited: Bank of Penna. v. Wise, 3 W. 394; Braddee v. Wiley, 10 W. 362; Jacques v. Weeks, 7 W. 261; McCulloch v. Cowher, 5 W. & S. 429; Kerr v. Day, 14 Pa. 112; Sandwith v. De Silver, 1 Bro. 221; Brolaskey v. Hood, 6 Phila. 193; Barclay v. Steamship Co., 6 Phila. 558: Smith's L. & T. 95, 96; Spencer's Case, 1 Smith L. C., 137. That, the lease being for more than three years, the defendant could not establish a surrender of it by parol testimony: Act of March 21, 1772, 1 Sm. L. 389; McKinney v. Reader, 7 W. 123; Greider's App., 5 Pa. 422; Kiester v. Miller, 25 Pa. 481; Auer v. Penn, 92 Pa. 444; s. c., 99 Pa. 370; Goucher v. Martin, 9 W. 106; Boyce v. McCulloch, 3 W. & S. 429; Lauer v. Lee, 42 Pa. 165. That the testimony, even

Opinion of the Court.

if admissible, was insufficient: Dewey v. Dupuy, 2 W. & S. 553, 556; Ghegan v. Young, 23 Pa. 18; Fisher v. Milliken, 8 Pa. 111–120; Frank v. Maguire, 42 Pa. 77.

*Mr. A. T. Freedley,* for the appellee.

That the effect of the statute was to make the sheriff's vendee the landlord of the tenant in possession, i. e., of him whose possession deprived the purchaser of his right to immediate seisin in fact, counsel cited: Hayden v. Patterson, 51 Pa. 261; Stockton's App., 64 Pa. 59; Garrett v. Dewart, 43 Pa. 349; Bank of Penna. v. Wise, 3 W. 400; Bittinger v. Baker, 29 Pa. 69; Lloyd v. Cozens, 2 Ash. 139; Simons v. Van Ingen, 86 Pa. 332; Ghegan v. Young, 23 Pa. 20. That the statute of frauds does not extend to what constitutes an implied surrender in law, when followed by a transfer of possession: Auer v. Penn, 92 Pa. 444; McKinney v. Reader, 7 W. 123; Gore v. Wright, 8 Ad. & E. 118; Davidson v. Ghent, 1 Hurl. & N. 744; Nickels v. Atherston, 10 Ad. & E., N. S., 944; Whitehead v. Clifford, 5 Taunt. 518; Phene v. Popplewell, 12 C. B., N. S., 334; Pratt v. Richards Co., 69 Pa. 53; Thomas v. Cook, 2 B. & Ald. 119; Reed on St. of F., 790.

PER CURIAM:

We are of opinion that there was abundance of evidence from which the jury might properly find an agreement or understanding between Henry Brown and John Alexander that Brown should and did accept Willis Booth as tenant in lieu of Alexander, and released the latter from liability under his covenant. This is all there is in the case. It was a question of fact, which the court below properly submitted to the jury.

Judgment affirmed.